UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Myra M. Z.,<br><br>    Plaintiff,<br><br>v.<br><br>Martin O'Malley[1], Commissioner of Social Security,<br><br>    Defendant. | Case No. 2:22-cv-02038-DJA<br><br>**Order** |

Before the Court is Plaintiff Myra M. Z.'s motion for remand (ECF No. 14) and the Commissioner's countermotion to affirm (ECF No. 18). Plaintiff filed a reply. (ECF No. 20). Because the Court finds that the ALJ erred in considering the consistency factor regarding Nurse Practitioner Paula Wabsi's opinion, but that the remainder of Plaintiff's arguments are unpersuasive, the Court grants in part and denies in part Plaintiff's motion for remand (ECF No. 14) and grants in part and denies in part the Commissioner's cross motion to affirm (ECF No. 18). The Court finds these matters properly resolved without a hearing. LR 78-1.

## BACKGROUND

**I.    Procedural history.**

On November 7, 2019, Plaintiff filed an application for Disability Insurance Benefits, alleging disability beginning July 20, 2014 with a date last insured of March 31, 2019. (ECF No. 14 at 1). Her applications were denied initially and upon reconsideration. (*Id.*). Plaintiff appeared before an administrative law judge ("ALJ") and on July 9, 2021, the ALJ issued an unfavorable decision. (*Id.*). On October 6, 2022, the Appeals Council denied review, making the ALJ's decision the final agency decision. (*Id.* at 1-2).

---

[1] Martin O'Malley is now the Commissioner of Social Security and substituted as a party.

**II.     The ALJ decision.**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520(a). (AR 13-27). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of July 20, 2014 through her date last insured of March 31, 2019. (AR 18). At step two, the ALJ found that Plaintiff has the following severe impairments: osteoporosis; discogenic and degenerative disc disease; disorders of the muscle, ligament, and fascia; and obesity. (AR 29). At step three, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 20-21). In making this finding, the ALJ considered Listings 1.15, 1.18, 12.04, 12.06, 1.00Q, 3.00I, 4.00F. (AR 20-21).

At step four, the ALJ found that Plaintiff has an RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) subject to the following limitations:

> The claimant is able to occasionally lift and carry up to 20 pounds; frequently lift and carry up to 10 pounds; stand and walk up to six hours per day; sit up to six hours per day; never climb ladders, ropes, or scaffolds; and never crawl; occasionally stoop, kneel, and crouch. She should never be exposed to hazards such as dangerous moving mechanical machinery (like chainsaws and jackhammers) or unprotected heights.

(AR 22).

At step five, the ALJ found that Plaintiff was unable to perform past relevant work but that Plaintiff could perform occupations such as marker, cashier, and housekeeping cleaner. (AR 24-26). Accordingly, the ALJ found that Plaintiff had not been disabled from July 20, 2014 through March 31, 2019, the date last insured. (AR 27).

**STANDARD**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). See *Akopyan v. Barnhard*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may

obtain a review of such decision by a civil action…brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying, or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

## **DISABILITY EVALUATION PROCESS**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id*. § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If

the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's RFC, which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSR 16-3p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

Step five requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she can do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward

with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42

**ANALYSIS AND FINDINGS.**

**I.   Whether the ALJ's analysis of medical opinions was in error.**

*A.   The parties' arguments.*

The parties arguments primarily concern the medical opinions of Dr. Gregory Chiaramonte and Nurse Wabsi. Dr. Chiaramonte, a Workers' Compensation physician, examined the Plaintiff in August of 2016. (AR 671-678). The ALJ summarized his opinion as follows:

> [T]he claimant has a 10 percent loss of function in the right ankle due to Achilles pathology, and the claimant is capable of working with restrictions to be placed on kneeling, squatting, prolonged walking, and heavy lifting over 25 pounds.

(AR 23).

Nurse Wabsi completed a medical source statement in February of 2021, onto which opinion statement Dr. Michael Reiner signed. (AR 1444-47). The ALJ summarized Nurse Wabsi's opinion as follows:

> [T]he claimant's impairments would cause her to be off task for 25 percent of the workday, absent three days of work per month, occasionally carry up to 20 pounds and continuously lift up to 20 pounds, stand and walk up to one hour at a time[][.] She would require a sit/stand option, need to elevate legs while sitting, but could continuously use the upper extremities, occasionally use foot controls; never climb ladders or scaffolds, occasionally climb stairs and ramps, and occasionally perform all other postural activities…She further opined that the claimant should rarely operate a vehicle or work around humidity or wetness, and never work around any other environmental situation.

(AR 23).

The ALJ found Dr. Chiaramonte's opinion partially persuasive and Nurse Wabsi's opinion unpersuasive. (AR 23).

Plaintiff argues that the ALJ did not properly analyze Dr. Chiaramonte or Nurse Wabsi's opinions. (ECF No. 14 at 6-8). Plaintiff asserts that the ALJ's reasoning for finding Dr.

Chiaramonte's opinion partially persuasive—that Dr. Chiaramonte's opinion was made under the standards of a different government agency—are insufficient. (*Id.* at 7). Plaintiff points out that the ALJ did not support her statement that she considered whether Dr. Chiaramonte's opinion was consistent with other evidence and did not consider the similarity between Dr. Chiaramonte's opinion and a note from Dr. Michael Parentis dated July 29, 2016. (*Id.* at 6-7). Regarding Nurse Wabsi's opinion, Plaintiff argues that the ALJ's reasons for finding it unpersuasive are also insufficient. (*Id.* at 6). Plaintiff asserts that the ALJ gave two reasons for finding Nurse Wabsi's opinion unpersuasive. (*Id.*). First, that the opinion that Plaintiff would be off task was not based on any psychiatric treatment records. (*Id.*). And second, that the opinion was issued after the date last insured. (*Id.*). Plaintiff argues that the first reason is "peculiar" because Nurse Wabsi "explicitly dismissed psychiatric issues as a basis for disability." (*Id.*). Plaintiff asserts that the second reason fails to consider that the opinion might still be consistent with the record, even if it was after the date last insured and that the ALJ noting the chronology of the opinion is not a substitute for a consistency analysis. (*Id.*). Plaintiff points again to Dr. Parentis' note and asserts that Dr. Parentis' findings demonstrate that Plaintiff was "suited to switching to a sedentary job." (*Id.*). Plaintiff also argues that the ALJ failed to consider the prior administrative medical findings of Drs. Arnow and Nickels in deciding the RFC. (*Id.* at 8). Plaintiff asserts that, because the ALJ did not consider these opinions, the ALJ had no basis on which to form her RFC. (*Id.*). Plaintiff again relies on Dr. Parentis' note which Plaintiff says, "clearly indicates limitation to sedentary work after Plaintiff's fiftieth birthday," and argues that, because the record contained this note, the ALJ could not have come up with the RFC on her own. (*Id.*). Plaintiff asserts that, because the ALJ did not base her RFC on any specific opinion and in light of Dr. Parentis' note, the ALJ was obligated to develop the record further, including by soliciting further medical opinions. (*Id.*).

The Commissioner responds that the ALJ properly considered the medical opinions of Dr. Chiaramonte and Nurse Wabsi and was not required to further develop the record. (ECF No. 18 at 5-14). Regarding Dr. Chiaramonte's opinion, the Commissioner asserts that Plaintiff's argument that Dr. Chiaramonte limited Plaintiff to sedentary work is wrong because Dr.

Chiaramonte only opined that Plaintiff could lift up to twenty five pounds at a time, not that Plaintiff was limited to sedentary work. (*Id.* at 5). The Commissioner points out that there is no obvious inconsistency between the RFC and Dr. Chiaramonte's opinion and thus, there is no error. (*Id.* at 5-6). In any event, the Commissioner asserts that the ALJ properly considered consistency and supportability when analyzing Dr. Chiaramonte's opinion. (*Id.* at 6-7). The Commissioner adds that the ALJ was entitled under the regulations to find Dr. Chiaramonte's opinion less persuasive because it represented the standards of another government agency. (*Id.* at 7-8). Regarding Dr. Parentis' opinion, the Commissioner argues that Dr. Parentis never limited Plaintiff to sedentary work, but simply noted that he thought Plaintiff's job change to billing and coding rather than nursing "makes a lot of sense." (*Id.* at 8). Otherwise, Dr. Parentis provided no discussion of Plaintiff's functional abilities. (*Id.*). Regarding Nurse Wabsi's opinion, the Commissioner argues that the ALJ properly found that the opinion was not supported or consistent. (*Id.* at 9). Regarding supportability, the Commissioner points out that the ALJ noted that Nurse Wabsi did not treat Plaintiff until November 2020 and that the treatment notes show only an initial evaluation for disability, "meaning that Nurse Wabsi had no knowledge of Plaintiff's condition during the relevant period of her claim." (*Id.*). The Commissioner also points out that Nurse Wabsi's exam showed that Plaintiff had a full range of motion in all extremities, no deformities, no edema, no erythema, and no weakness, so Nurse Wabsi's exam did not provide support for the limitations in her opinion. (*Id.*). The Commissioner argues that Nurse Wabsi's opinion was also not consistent with Plaintiff's treating records. (*Id.* at 10). Specifically, although Nurse Wabsi asserted that Plaintiff would be off task during the day due to interference with "the attention and concentration needed to perform even simple work related tasks," the ALJ noted that Plaintiff had not "undergone any significant psychiatric treatment that would cause her to be off task or absent to the degree opined." (*Id.*). The Commissioner adds that the ALJ analyzed certain records where Plaintiff sought a note to get additional time on school exams, but that the request "was not supported by any recommendation from a treating source" and the doctor ultimately declined to provide the note because he had not seen her in over a year. (*Id.*). The Commissioner argues that physical examination records were also inconsistent

with Nurse Wabsi's opinion such that the ALJ's consistency analysis was not just based on "chronology." (*Id.* at 10-12). Finally, regarding Plaintiff's argument that the ALJ needed to develop the record further, the Commissioner argues that the ALJ reasonably determined that the record was complete and even held the record open for Plaintiff to submit more evidence after the hearing. (*Id.* at 12-13). The Commissioner argues that the ALJ was not required to match her RFC to a specific medical finding and that, in any event, the RFC largely matched Dr. Chiaramonte's opinion. (*Id.*). The Commissioner argues that the ALJ did not rely on her lay interpretation of medical evidence, but instead properly exercised her responsibility of determining the RFC. (*Id.*). The Commissioner concludes that Plaintiff provided no authority that the ALJ was required to solicit further opinions as Plaintiff suggests. (*Id.* at 14).

Plaintiff replies and asserts that she did not state that Dr. Chiaramonte's opinion restricted Plaintiff to sedentary work, but that the ALJ failed to support her finding of light work. (*Id.* at 2). Plaintiff asserts that the ALJ's consistency analysis with regard to Dr. Chiaramonte was flawed because the ALJ did not address any *physical* health records, but rejected Dr. Chiaramonte's opinion because it was based on different government agency standards. (*Id.*). While the Commissioner argues that the ALJ did provide this analysis in other parts of the opinion, Plaintiff asserts that it is improper for the ALJ to rely on the discussion as a whole because doing so is too vague to allow the Court meaningful review. (*Id.*). Plaintiff argues that Dr. Parentis' note and Dr. Chiaramonte's opinion appear consistent with one another, but the ALJ did nothing to reconcile the two or to address the fact that this consistency should have bolstered the persuasiveness of Dr. Chiaramonte's opinion. (*Id.* at 3). Plaintiff concludes that the Commissioner failed to respond to the portions of Plaintiff's brief that asserted that the ALJ did not consider the opinions of Drs. Arnow and Nickels and thus conceded this argument. (*Id.*). Because "no commonsense judgment could be gleaned regarding Plaintiff's functional limitations without guidance from medical personnel," Plaintiff asserts that the case should be remanded for further proceedings. (*Id.*).

### B. Analysis.

An RFC assessment must "[c]ontain a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of pain and other symptoms and the adjudicator's personal observations, if appropriate." SSR 96-8p, 61 Fed. Reg. at 34478. To the extent the evidence could be interpreted differently, it is the role of the ALJ to resolve conflicts and ambiguity in the evidence. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999). That said, an ALJ, not a doctor, is responsible for determining a plaintiff's RFC. 20 C.F.R. § 404.1546(c); *Rounds v. Comm'r Soc. Sec Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (noting that "the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC").

The ALJ's findings of fact, as embodied in the RFC, are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before the Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. *Miller v. Kijakazi*, No. 2:22-CV-00355-EJY, 2023 WL 1525429, at *6–7 (D. Nev. Feb. 3, 2023).

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment relationship, and examining relationship), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the Agency's] disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore, the ALJ is required to explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Even under the new regulations, the ALJ is obligated to consider the opinions from each medical source and cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022); *see Kramer v. Kijakazi*, No. 20-cv-2065-GPC(AHG), 2022 WL 873630, at *4 (S.D. Cal. Mar. 24, 2022). "The agency must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other source, 20 C.F.R. § 404.1520c(b), and 'explain how [it] considered the supportability and consistency factors' in reaching these findings, *id.* § 404.1520c(b)(2)." *Woods*, 32 F.4th at 792.

Here, the Court finds that the ALJ erred in considering the consistency factor in analyzing Nurse Wabsi's opinion. The Court is not persuaded by Plaintiff's remaining arguments. The Court thus grants in part and denies in part Plaintiff's motion to remand.

The Court finds that the ALJ's consideration of Dr. Chiaramonte's opinion was sufficient. As the ALJ pointed out, because Dr. Chiaramonte's opinion was made under workers' compensation rules, and not Social Security rules, the ALJ was not required to "provide any analysis in [her] determination or decision," about it. 20 C.F.R. § 404.1504. The ALJ did not err in considering Dr. Chiaramonte's opinion.

The Court finds that the ALJ properly considered supportability when analyzing Nurse Wabsi's opinion but did not properly consider consistency. Regarding supportability, although the ALJ did not explicitly use the word "supportability," the ALJ pointed out that Nurse Wabsi's opinion consisted only of the initial evaluation for disability paperwork, rather than independent examinations and that Nurse Wabsi only established care with Plaintiff after the date last insured. (AR 23). The Court finds that the ALJ's consideration of the supportability factor for Nurse Wabsi is supported by substantial evidence. Regarding consistency, the ALJ specifically noted that Nurse Wabsi's opinion that Plaintiff would be off task for up to twenty-five percent of the workday was not consistent with the longitudinal record which contained no significant psychiatric treatment. (AR 23). However, as Plaintiff points out, Nurse Wabsi's notes appear to

base the twenty-five-percent-off-task opinion on the fact that Plaintiff has pain with standing, not any psychological considerations.  (AR 1444).  The Court thus finds that the ALJ erred in considering the consistency factor of Nurse Wabsi's opinion.

The Court is not persuaded by Plaintiff's argument that the ALJ should have further developed the record because Plaintiff's argument is unsupported and underdeveloped.  Plaintiff asserts that, because the ALJ did not address Drs. Arnow and Nickles opinions, the ALJ did not base her RFC on any medical opinion.  (ECF No. 14 at 8).  But neither Dr. Arnow nor Dr. Nickles assessed a physical RFC.  (AR 66-68, 73-75).  And while Plaintiff asserts that "Dr. Parentis clearly indicates limitation to sedentary work after Plaintiff's fiftieth birthday and the record does not embolden a layperson reviewer to find Plaintiff capable of work before her fiftieth birthday," the portions of the record Plaintiff cites do not support this conclusion.  (AR 1400, 1406, 1427).  Instead, those portions of the record from Dr. Parentis' office indicate that Plaintiff's ankle steadily improved between July of 2015 and October of 2015.  (AR 1400, 1406, 1427).  Finally, the only authority on which Plaintiff relies to say that the ALJ improperly used her lay opinion to determine the RFC is an Eleventh Circuit case to which Plaintiff does not analogize in a meaningful way.  (ECF No. 14 at 8).  Plaintiff does not provide any meaningful argument that would persuade the Court that the ALJ relied on her lay interpretation of medical evidence to create the RFC.  Plaintiff does not assert that the ALJ interpreted any particular raw testing data, scans, or other medical records.  And Plaintiff does not explain how Drs. Arnow or Nickles' opinions would have meaningfully changed the RFC.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for remand (ECF No. 14) is **granted in part and denied in part.**  The Court denies Plaintiff's motion for remand regarding Plaintiff's argument that the ALJ erred in considering Dr. Chiaramonte's opinion, that the ALJ erred in considering the supportability factor of Nurse Wabsi's opinion, and that the ALJ should have further developed the record to support her RFC.  The Court grants Plaintiff's motion for remand regarding Plaintiff's argument that the ALJ erred in considering the consistency factor of Nurse Wabsi's opinion.

**IT IS FURTHER ORDERED** that the Commissioner's cross motion to affirm (ECF No. 18) is **granted in part and denied in part.** The Court denies the Commissioner's cross motion regarding the Commissioner's argument that the ALJ properly considered the consistency factor of Nurse Wabsi's opinion. The Court grants the Commissioner's cross motion in all other regards.

**IT IS FURTHER ORDERED** that this case be remanded for the ALJ to consider the consistency factor of Nurse Wabsi's opinion. The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED: February 23, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE